NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MIGUEL PACHECO-ASCENCIO, | No. 14-70814 |
| Petitioner, | Agency No. A097-764-958 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 30, 2017
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and FOOTE,** District Judge.

Miguel Pacheco-Ascencio, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

and protection under the Convention Against Torture ("CAT").  Reviewing the agency's factual findings for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), we deny the petition for review.

As to withholding of removal based on past persecution, substantial evidence supports the agency's conclusion that a fundamental change in circumstance rebutted the presumption of future persecution.  *See* 8 C.F.R. § 1208.16(b)(1); *see also Singh v. Holder*, 753 F.3d 826 (9th Cir. 2014).  More than two decades have passed since Pacheco has seen his father, and there was no evidence that his father would recognize him.  Substantial evidence also supports the agency's conclusion that Pacheco did not independently establish a clear probability of future persecution.  *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir. 2003).  In light of these dispositive findings, we reject Pacheco's argument that the agency violated due process by failing to consider a nexus between future harm and the social groups he proposed.  *See Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000) (noting that a petitioner must show both error and substantial prejudice to prevail on a due process challenge).

As to Pacheco's claim based on his membership in the Tarasco indigenous group, substantial evidence supports the agency's determination that it is not more likely than not that Pacheco will be persecuted on this basis.  Substantial evidence also supports the conclusion that Pacheco failed to show a pattern or practice of

14-70814

persecution against the Tarasco in Mexico. *See Wakkary*, 558 F.3d at 1061. Accordingly, substantial evidence supports the agency's denial of withholding of removal.

Substantial evidence also supports the agency's denial of CAT relief because Pacheco failed to establish that it is more likely than not he will be tortured with the participation or acquiescence of a government official or person acting in an official capacity if he returns to Mexico. *See id.* at 1067-68.

Accordingly, the petition is **DENIED**.

14-70814